HAND et al., Appellants, v. MOTTER.

**Administration:** SALE OF LANDS, THE PURCHASE MONEY OF WHICH DE-CEASED HAS NOT PAID. The sale of the interest of a decedent in land which he has bought but not fully paid for may, under section 3, page 94, Wagner's Statutes, be either public or private, as the court may order, or if the order be silent on the subject, then as the administrator may choose. If the land be subject to a deed of trust for the purchase money, but the court be not apprised of that fact, a private sale by the administrator, in the absence of anything in the

order to the contrary, cannot be attacked in a collateral proceeding. Whether it could be so attacked, if the court making the order were at the time, apprised of the existence of the deed of trust, *quaere?*

*Appeal from Knox Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

AFFIRMED.

This was an action of ejectment brought by the widow and heirs of David E. Hand. Defendant claimed title through mesne conveyances from Hand's administrator. The facts appeared to be as follows: David E. Hand bought the real estate in question, paying part of the purchase money in cash, and giving his notes secured by a deed of trust on the property for the remainder. Shortly afterward he died, leaving the notes unpaid. His administrator presented a petition to the probate court for authority to sell the property at private sale. The petition stated that the estate was greatly indebted and that it was for the best interest of the estate that the right, title and interest of the deceased in the property should be sold to pay the purchase money. The court ordered the right, title and interest of the deceased to be sold in accordance with law for the purpose as in said petition set forth. The administrator made a sale of the entire property for a sum sufficient to pay the debt; the court approved the sale, and the proceeds were applied in payment of the debt. The estate was insolvent and was not otherwise able to pay the debt. This was the sale under which defendant claimed.

*O. D. Jones* for appellants.

This was a case in which " a person died leaving land incumbered by deed of trust," and comes within the provisions of sections 6 and 8, article 3 of the administration law, (Wag. Stat., p. 94.) The sale should, therefore, have been public. The case does not come within sections 2 and 3. Those sections provide for a case where the deceased has not yet procured the legal title, has a bond for a deed or other hypothetical title.

*L. F. Cottey* for respondent.

Sections 2 and 3, Wagner's Statutes, page 94, were intended to provide for all cases where land has been bought during the life of the deceased and not paid for by him. These sections are silent as to the terms, time and whether the sale shall be public or private. These things, therefore, are left to the court to determine. *Garrett v. Bicknell*, 64 Mo. 407. The sale by the administrator at private sale was, therefore, valid. If there be any irregularity in the proceedings the court will not view it with a critical eye. *McNair v. O'Fallon*, 8 Mo. 188; *Overton v. Johnson*, 17 Mo. 442; *Welton v. Hull*, 50 Mo. 296; *Adams v. Larrimore*, 51 Mo. 130; *McVey v. McVey*, 51 Mo. 406; *Tutt v. Boyer*, 51 Mo. 425; *Garrett v. Bicknell*, 64 Mo. 404; *Johnson v. Beazley*, 65 Mo. 250; *North v. Walker*, 66 Mo. 453; *Voorhees v. Bank*, 10 Pet. 472; *Grignon v. Astor*, 2 How. 335; *Comstock v. Crawford*, 3 Wall. 396; *Florentine v. Barton*, 2 Wall. 216.

SHERWOOD, C. J.—Under section 3, page 94, 1 Wagner's Statutes, the probate court was authorized, when there was lack of sufficient assets to pay for real estate purchased by the decedent, to order the administrator " to sell all the right, title and interest of the deceased therein." The section mentioned does not state whether the sale contemplated by its provisions shall be public or private, consequently the method thereof seems to have been left in the first instance to the discretion of the court making the order, or in the absence of any method being thus designated, then to the discretion of the administrator. The petition in this case, filed by the administrator, asked that an order be made that all the right, title and interest of the deceased in the land (subject to the notes given for the purchase money) " be sold at private sale according to law." The order of sale authorized the administrator to sell all the right, title and interest of the deceased in the land purchased " in accordance with law    *    *    for

the purpose, as in said petition set forth," but does not designate whether the sale should be public or private. The administrator sold at private sale, his deed reciting that such method was authorized by the order of sale. Inasmuch as a sale of all the right, title and interest of the decedent in the land would have been valid, whether that sale was public or private, and inasmuch as the court did not direct in what way the sale should be made, it was clearly competent for the administrator to use his own discretion and to sell at private sale. So it is altogether immaterial that the deed of the administrator untruly recited an order to sell at private sale, since either a sale of that description or else a public one would have answered the demands of the statute, been "in accordance with law" and thus in obedience to the order made.

Nor is the validity of the sale affected by the fact that the land was incumbered by a deed of trust executed by the purchaser for the purchase money. It is true that section 8 of the same article provides that all the right, title and interest, etc., be sold at "public sale," but it does not appear that the existence of the deed of trust was brought to the attention of the probate court, and of consequence its action in the premises cannot be collaterally assailed, as attempted in the present instance. The probate court having, under the terms of section 3, *supra*, the undoubted jurisdiction to order the sale of all the right, title and interest of the decedent in the land, that jurisdiction was not defeated by the existence of the deed of trust, of whose existence the court, so far as the record shows, was not cognizant. If the court, when making the order of sale, had been apprised of the true state of the case, and had failed to order a public sale as expressly required by section 8, *supra*, in such circumstances as the present, and the administrator had sold at private sale, a different question, one not presented by the record before us, would demand solution at our hands, one which we shall not prematurely adjudicate. Holding these views, we declare the validity

of the sale by the administrator, and affirm the judgment, remarking, however, that if Mrs. Hand has been defrauded of her dower, and defendant is in a situation where a court of equity would charge him as a trustee, to the extent of that dower interest, she may take such steps as she may be advised. All concur.